UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

YUNIOR DOMINGUEZ, et al.,

    Plaintiffs,

v.                                                 Case No. 8:20-cv-1538-KKM-AEP

BARRACUDA TACKLE LLC, et al.,

    Defendants.
_____/

## ORDER

In this patent infringement dispute over collapsible bait nets, Defendants move for summary judgment and for Rule 11 sanctions against the Plaintiffs. (Docs. 19 & 28.) The Magistrate Judge issued a report recommending that the Court grant Defendants' motion for summary judgment but deny their motion for sanctions. (Doc. 67.) Defendants timely objected to the Magistrate Judge's recommendation that the motion for sanctions be denied. (Doc. 68.) For the reasons explained below, the Court agrees with the Magistrate Judge, overrules the objection, and adopts the report and recommendation in full.

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's Report and Recommendation. 28 U.S.C. § 636(b)(1). If a party files a timely and specific objection to a finding of fact by the magistrate judge, the district court must conduct a de novo review

with respect to that factual issue. *Stokes v. Singletary*, 952 F.2d 1567, 1576 (11th Cir. 1992). The district court reviews legal conclusions de novo, even in the absence of an objection. *See Cooper-Houston v. S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994); *Ashworth v. Glades Cnty. Bd. of Cnty. Comm'rs*, 379 F. Supp. 3d 1244, 1246 (M.D. Fla. 2019).

Defendants' objections raise two principal assertions regarding the motion for sanctions: (1) Plaintiffs' *counsel* did not perform a pre-suit investigation and (2) Plaintiffs' legal claims were clearly unreasonable. Upon a de novo review, the Court agrees with the well-reasoned explanation of the Magistrate Judge on those points. First, the Court finds that the declaration of Yunior Dominguez is evidence of a pre-suit investigation. While the declaration was not signed by Plaintiffs' counsel, it still shows that Plaintiffs and counsel explored the validity of claims prior to suit. Second, the Court agrees with the Magistrate Judge that a reasonable juror could conclude that the two bait nets at issue perform substantially the same function with substantially the same result. While ultimately this is not enough to create a triable issue of fact in the light of the claims construction, it was "not so quixotic as to warrant sanctions." *Rodick v. City of Schenectady*, 1 F.3d 1341, 1351 (2d Cir. 1993). Indeed, if all suits that did not create a triable issue of fact were sanctionable, one doubts if the legal profession would continue to be a profitable enterprise. Although the Defendants assert that Plaintiffs filed this suit for the improper purpose of

extracting a nuisance-value settlement from Defendants, at bottom, they offer no evidence of this malintent apart from the losing disposition of the claims. The Court declines to impose sanctions on this basis. Accordingly, the following is **ORDERED**:

1. Defendants' Objection (Doc. 68) is **OVERRULED**. The Magistrate Judge's Report and Recommendation (Doc. 67) is **ADOPTED in full**.

2. Defendants' Motion for Sanctions (Doc. 19) is **DENIED**.

3. Defendants' Motion for Summary Judgment (Doc. 28) is **GRANTED**.

4. The Clerk is directed to **ENTER JUDGMENT** in favor of the Defendants in accordance with the Magistrate Judge's report, terminate all pending motions, and close this case.

**ORDERED** in Tampa, Florida, on August 30, 2021.

_Kathryn Kimball Mizelle_
Kathryn Kimball Mizelle
United States District Judge