UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

YUNIOR DOMINGUEZ, *et al.*,

    Plaintiffs,

v().    Case No. 8:20-cv-01538-KKM-AEP

BARRACUDA TACKLE LLC, *et al.*,

    Defendants.
    _____/

### REPORT AND RECOMMENDATION

This cause comes before the Court on Defendants' Motion for Attorney's Fees and Taxation of Costs ("Motion") (Doc. 73). Defendants move for an award of attorney's fees pursuant to 35 U.S.C. § 285 and move for taxation of costs pursuant to 28 U.S.C. § 1920. Plaintiffs oppose the motion (Doc. 80). Upon consideration, the undersigned recommends that Defendants' Motion be granted in part and denied in part.

    **I.**    **Background**

On April 4, 2019, Plaintiffs filed a Complaint against Defendants for patent infringement in the Southern District of Florida, alleging that Defendants produced, marketed, and sold a collapsible bait net that infringed on Plaintiffs' patented

collapsible bait net directly or indirectly, either literally or under the doctrine of equivalents, at to Claims 1 and 3.[1] (Doc. 1).

Defendants filed (1) a Motion to Dismiss (Doc. 15), arguing that Plaintiffs failed to state a claim for which relief could be granted and that the Southern District constituted an improper venue; (2) a Motion for Sanctions (Doc. 19), seeking an award of sanctions against Plaintiffs pursuant to Federal Rules of Civil Procedure 11, for filing a purportedly frivolous lawsuit; and (3) a Motion for Summary Judgment (Doc. 28), arguing that judgment should be entered in their favor because Plaintiffs failed to demonstrate literal infringement or infringement under the doctrine of equivalents. Plaintiffs responded in opposition only to the Motion to Dismiss and to the Motion for Summary Judgment (Docs. 18 & 34). Defendants also submitted their *Markman* motion[2] setting forth their proposed claims construction of the '764 Patent (Doc. 36), to which Plaintiffs did not respond. On July 7, 2020, the case was transferred to the Middle District of Florida ("Middle District") (Doc. 38).

Upon transfer to the Middle District, Plaintiffs filed a Motion for Extension of Discovery Deadlines, arguing that an extension was warranted given the late ruling on the Motion to Dismiss, the transfer of the case to the Middle District, the filing of a continuation application on the '764 Patent, and the addition of co-

---

[1] In the Complaint, Plaintiffs allege that Defendants infringed at least Claims 1, 2, and 3 of the '764 Patent (Doc. 1, ¶ 21). Later, in their supplemental response to Defendants' Motion for Summary Judgment, Plaintiffs clarified that they sought only to assert claims of direct and indirect infringement on Claims 1 and 3 (Doc. 57, at 2).
[2] *See Markman v. Westview Instruments, Inc.*, 517 U.S. 370 (1996).

2

counsel (Doc. 48). Defendants opposed such request (Doc. 49). After a hearing, the undersigned denied Defendants' Motion to Dismiss as moot (Doc. 55), given the parties' agreement that the case could proceed on the pending Motion for Summary Judgment, and denied Plaintiffs' Motion for Extension of Discovery Deadlines (Doc. 56), given that discovery closed prior to transfer to the Middle District. However, the undersigned provided Plaintiffs 20 days to supplement the record and Defendants 14 days thereafter to respond. Notwithstanding, Plaintiffs failed to respond to Defendants' *Markman* motion or otherwise offer their own proposed claims construction of the '764 Patent. As a result, United States District Judge Kathryn Kimball Mizelle considered Defendants' *Markman* motion unopposed and adopted Defendants' claims construction (Doc. 66).

The undersigned reviewed Defendants' motion for summary judgment and for Rule 11 sanctions against Plaintiffs and recommended that Defendants' Motion for Summary Judgement be granted, and that Defendants' Motion for Sanctions be denied (Doc. 67). The undersigned reasoned that Defendants' motion for Rule 11 sanctions should be denied for the following reasons:

> Plaintiffs provided evidence that, prior to initiating this action, they purchased an Accused Product and compared it with the collapsible bait net claimed in the '764 Patent in reaching the conclusion that the Accused Product might infringe the collapsible bait net claimed in the '764 Patent (Dominguez Decl., ¶¶7-8 & Ex. A). While Plaintiffs' claims ultimately may fail, Plaintiffs maintained an arguable, nonfrivolous claim for patent infringement and demonstrated an effort to engage in pre-suit investigation of such claim. Further, as explained above, a reasonable juror could conclude that the Accused Product and the collapsible bait net claimed in the '764 Patent perform substantially the same function with substantially the same result but

3

<s>Case 8:20-cv-01538-KKM-AEP Document 84 Filed 11/15/21 Page 4 of 13 PageID 591</s>

> just not as to the way in which each achieves that result, especially in light of the claims construction.

(Doc 67, at 34).

Judge Mizelle adopted in full the undersigned's Report and Recommendation and entered judgment in favor of Defendants and against Plaintiffs (Doc. 71).

Subsequently, Defendants filed the instant Motion for Attorney's Fees and Taxation of Costs as the prevailing party in this case pursuant to the Court's entry of final summary judgment in its favor (Doc. 73). Defendants also moved for leave to file a reply to Plaintiffs' response in opposition to Defendants' motion (Doc. 81).[3]

## II. Discussion

### A. Entitlement to Attorney's Fees Pursuant to 35 U.S.C. § 285

Pursuant to 35 U.S.C. § 285, a court may award reasonable attorney's fees to the prevailing party in "exceptional cases." 35 U.S.C. § 285. In evaluating whether to award attorney's fees under this statute, the court employs the following process: (1) determine whether the party seeking attorney's fees is a prevailing party; and (2) determine whether the case is exceptional within the meaning of 35 U.S.C. § 285. *Forest Labs., Inc. v. Abbott Labs.*, 339 F.3d 1324, 1327–28 (Fed. Cir. 2003).[4] The

---

[3] The undersigned entered an Order denying Defendants' motion for leave to file a reply (Doc. 83) as unnecessary to the Court's consideration of Defendants' Motion for Attorney's Fees and Taxation of Costs because the Plaintiffs arguments pursuant to Local Rule 3.01(g) had no bearing on the issues and given the instant analysis the undersigned finds a request for partial fees to be unwarranted.

[4] The Court entered judgment in favor of Defendants (Doc. 72). Plaintiffs do not contest that Defendants prevailed in this case. Therefore, as the judgment constitutes a judgment on the merits, Defendants are the prevailing party in this case.

<s>4</s>

amount of the attorney's fees awarded depends on the extent to which the case is exceptional. *Special Devices, Inc. v. OEA, Inc.*, 269 F.3d 1340, 1344 (Fed. Cir. 2001).

### 1. Exceptionality

The Patent Act does not define "exceptional," but in *Octane Fitness*, the Supreme Court construed an exceptional case under 35 U.S.C. § 285 as "one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749, 1756 (2014). There is no precise rule or formula to determine whether a case is exceptional. *Id*. Rather, the Court "may determine whether a case is 'exceptional' in the case-by-case exercise of their discretion, considering the totality of the circumstances." *Id.* The Court may consider several factors, including "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Id.* at n. 6 (citing *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 n. 19 (1994)). The moving party must prove its entitlement to fees under Section 285 by a preponderance of the evidence. *Id.* at 1758.

Defendants argue that this case is exceptional for the following reasons: (1) Plaintiffs' infringement position was objectively unreasonable or weak in that Plaintiffs failed to conduct a proper pre-suit investigation of its claims and maintained a position that forced the litigation of unnecessary issues; 2) Plaintiffs'

5

misconduct; and 3) awarding fees is necessary to deter Plaintiffs from engaging in misconduct in the future. In response, Plaintiffs argue that they had a reasonable basis in pursuing their claims and that Plaintiffs did not engage in misconduct throughout the litigation.

### i. Reasonableness of Infringement Position

Defendants argues that this case is exceptional because Plaintiffs' position was unreasonable. In determining whether a case is exceptional, the court must consider the substantive strength of a party's litigating position or the unreasonable way a case was litigated. *Octane*, 134 S. Ct. at 1756. As such, "a case presenting either subjective bad faith or exceptionally meritless claims may sufficiently set itself apart from mine-run cases to warrant a fee award." *Id.* at 1757. To be objectively baseless, the claims must be such that no reasonable litigant could reasonably expect success on the merits. *Dominant Semiconductors Sdn. Bhd. v. OSRAM GmbH*, 524 F.3d 1254, 1260 (Fed. Cir. 2008). However, "[d]efeat of a litigation position, even on summary judgment, does not warrant an automatic finding that the suit was objectively baseless." *Aspex Eyewear Inc. v. Clariti Eyewear, Inc.*, 605 F.3d 1305, 1315 (Fed. Cir. 2010). Rather, all of the circumstances must be considered. *Id.*

Defendants compare this case to *Phonometrics, Inc. v. N. Telecom*, where the Court found that the plaintiff knew or should have known that its patent action could not prevail. *Phonometrics, Inc. v. N. Telecom*, 1998 U.S. Dist. LEXIS 23019, at *11-12 (S.D. Fla. Aug. 12, 1998). In *Phonometrics*, the plaintiff had litigated other matters and lost based on the same asserted patent interpretation. *Id.* at *10. The

Court found that the case was exceptional and warranted fees because the plaintiff had a long history of raising and losing claims under the same patent and pursued claims based on the same flawed interpretation in numerous legal actions. *Id.* at *8-12.

In the instant case, the Court is not aware of other unsuccessful actions brought by Plaintiffs based on the same patent or patent interpretation. As a result, *Phonometrics* is distinguishable from the instant case. Furthermore, there is no indication that Plaintiffs failed to investigate its claims or that Plaintiffs' claims were objectively unreasonable. Similarly, in their motion for Rule 11 sanctions, Defendants argued that Plaintiffs' claims for direct and indirect infringement were frivolous and without a basis in law or in fact from the outset (Doc. 19). However, the Court found that Plaintiffs provided evidence that they purchased an Accused Product and compared it with the collapsible bait net claimed in the '764 Patent and reaching the conclusion that the Accused Product might infringe the collapsible bait net claimed in the '764 Patent before initiating the lawsuit (Doc 67, at 34). As previously stated by the Court, "[w]hile Plaintiffs' claims ultimately may fail, Plaintiffs maintained an arguable, nonfrivolous claim for patent infringement and demonstrated an effort to engage in pre-suit investigation of such claim." *Id.* Moreover, a "reasonable juror could conclude that the Accused Product and the collapsible bait net claimed in the '764 Patent perform substantially the same function with substantially the same result but just not as to the way in which each achieves that result, *especially in light of the claims construction*." *Id.* (emphasis added).

Judge Mizelle agreed that "a reasonable juror could conclude that the two bait nets at issue perform substantially the same function with substantially the same result." (Doc. 71, at 2). Additionally, she noted that although this did not create a triable issue of fact *in light of the claims construction*, it was "not so quixotic as to warrant sanctions." (Doc. 71, at 2) (quoting *Rodick v. City of Schenectady*, 1 F.3d 1341, 1351 (2d Cir. 1993)). Although Plaintiffs failed to submit any claims construction and ultimately failed to prevail on its claims, Plaintiffs' litigation position was not unreasonable, objectively baseless or brought in subjective bad faith. *See SFA Sys., LLC v. Newegg Inc.*, 793 F.3d 1344, 1348 (Fed. Cir. 2015) ("A party's position on issues of law ultimately need not be correct for them to not stand out or be found reasonable.").

### ii. Plaintiffs' Misconduct

Defendants argue that Plaintiffs engaged in misconduct justifying designating this case as exceptional because Plaintiffs lodged incomplete and misleading extrinsic evidence and failed to conduct any discovery (Doc. 73, at 9-15). Defendants point to Plaintiffs' supplemental response to Defendants' motion for summary judgment and specifically to Plaintiffs' argument that the Accused Product had grooves which provided the same function as the wax string barriers in the claimed collapsible bait net (Doc. 73, at 10-11). Defendants argue that Plaintiffs raised this argument at the last minute and tried to support it by using photos that were inadmissible and did not actually depict any grooves (Doc. 73, at 11). This conduct, according to Defendants, was misleading and/or otherwise incomplete.

Plaintiffs' "grooves" argument does not constitute misconduct justifying designating this case as exceptional. In fact, the Court found that "even construing the facts in the light most favorable to Plaintiffs and finding that the grooves are present on the Accused Product, the presence of the grooves cuts against Plaintiffs' position, as the claimed collapsible bait net *adds* material to create a barrier while the Accused Product *removes* material, potentially to create a barrier." (Doc. 67, at 31). Defendants benefited from Plaintiffs' grooves argument. Defendants fail to assert how Plaintiffs' grooves argument was somehow a bad faith attempt to mislead the Court or how the Court was misled by this argument.

Likewise, Plaintiffs' failure to conduct discovery does not constitute misconduct. The decision to conduct discovery can be one based on strategy and circumstance. Plaintiffs demonstrated an effort to engage in pre-suit investigation and although it is not clear why Plaintiffs failed to conduct discovery, Defendants do not present any support for their argument that such conduct constitutes misconduct justifying designating this case as exceptional. Plaintiffs did nothing to impede the progress of the case, nor can it be said that Plaintiffs misused the court system for business advantage or engaged in any gamesmanship or misconduct.

### iii. Deterrence

Finally, Defendants argue that this case is exceptional because Plaintiffs' motivation for bringing this lawsuit was to thwart lawful compensation and hurt a competitor. The Court is not persuaded by this argument. While a party's previous litigation history and litigation misconduct are relevant to the court's determination

9

of whether a case is exceptional, the party requesting fees on this basis must provide evidence of an abusive pattern of litigation. *SFA Sys., LLC*, 793 F.3d at 1351–52. Defendants fail to proffer sufficient evidence other than the existence of the lawsuit against Defendants and Plaintiffs' "continuation-in-part" patent to suggest bad-faith motivations in pursuing this lawsuit.

### B. Entitlement to Costs Pursuant to 28 U.S.C. §1920

Defendants also request that $73.60 in costs and expenses by taxed to Plaintiffs. Courts are limited in taxing costs to those costs enumerated in 28 U.S.C. § 1920. *See Horowitch v. Diamond Aircraft Indus., Inc.*, 645 F.3d 1254, 1259 (11th Cir. 2011). Notably, costs are "limited to relatively minor, incidental expenses" as defined by 28 U.S.C. § 1920. *Kouichi Taniguchi v. Kan Pac. Saipan, Ltd.*, 566 U.S. 560, 573 (2012). A court may not award costs beyond the limited scope set by Congress in 28 U.S.C. § 1920. *Graphic Packaging Int'l, Inc. v. C.W. Zumbiel Co.*, No. 3:10-cv-891-J-37JBT, 2012 WL 2913179, at *2 (M.D. Fla. June 13, 2012); *cf. Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987), *superseded on other grounds by* 42 U.S.C. § 1988(c) (finding that 28 U.S.C. § 1920 defines the term "costs" as used in Rule 54(d) and enumerates the expenses that a federal court may tax as a cost under the discretionary authority granted in Rule 54(d)). Specifically, pursuant to 28 U.S.C. § 1920, the following may be taxed as costs:

> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

10

>  (3) Fees and disbursements for printing and witnesses;
>
>  (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
>  (5) Docket fees under [28 U.S.C. § 1923]; [and]
>
>  (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under [28 U.S.C. § 1828].

As the prevailing party, Defendants seek to recover $73.60 for ordering the transcript of the October 19, 2020 hearing before the undersigned after Plaintiffs' counsel filed a response to Defendants' motion for sanctions erroneously believing that the undersigned had granted Plaintiffs leave to do so. *See* (Doc. 70, at 2). After reviewing the hearing transcript, Plaintiffs withdrew their response. *Id.* Defendants fee for printed or electronically recorded transcripts necessarily obtained for use in the case is permitted by 28 U.S.C. § 1920 and therefore may be taxed as costs.

Further, Plaintiffs provided an invoice documenting the cost of the hearing transcript, thus enabling the Court to determine the costs incurred by Defendants and entitlement to those costs (Doc. 73-1). Upon review of the supporting documentation and the record, the undersigned finds the cost associated with the transcript is reasonable and warranted.[5]

---

[5] The hearing transcript invoice total is $147.20, but Defendants assert that Plaintiffs' counsel has already paid half of this amount and therefore, only the other half is due (Doc. 73, at 5).

11

### III. Conclusion

Upon consideration of the totality of the circumstances, the Court finds that this case is not an exceptional case under 35 U.S.C. §285 and recommends a finding that attorney's fees are not warranted in this case. Additionally, the Court recommends that Plaintiffs cost of $73.60 be taxed as costs.

Accordingly, it is hereby

RECOMMENDED:

1. Defendants' Motion on Entitlement to Attorney's Fees and Taxation of Costs (Doc 73) be GRANTED IN PART AND DENIED IN PART; and

2. The Clerk be directed to tax $73.60 in costs against Plaintiffs.

IT IS SO REPORTED in Tampa, Florida, this 15th day of November, 2021.

ANTHONY E. PORCELLI
United States Magistrate Judge

## NOTICE TO PARTIES

A party has fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1). **Should the parties wish to expedite the resolution of this matter, they may promptly file a joint notice of no objection.**

cc:   Hon. Kathryn Kimball Mizelle
      Counsel of Record