UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

YUNIOR DOMINGUEZ, et al.,

    Plaintiffs,

v.                                                      Case No. 8:20-cv-1538-KKM-AEP

BARRACUDA TACKLE LLC, et al.,

    Defendants.
_____

## ORDER

Following a grant of summary judgment to Defendants in this patent infringement dispute over collapsible bait nets, Defendants now move for attorney's fees and taxation of costs. (Docs. 73.) The Magistrate Judge issued a report recommending that the Court grant-in-part and deny-in-part Defendants' motion. (Doc. 84.) The Magistrate Judge concluded that this case is not "exceptional" under 35 U.S.C. § 285 and recommended that attorney's fees should not be awarded. (*Id.*) But the Magistrate Judge recommended that the clerk be directed to tax $73.60 in costs against Plaintiffs. (*Id.*) Defendants timely objected to the Magistrate Judge's recommendation. (Doc. 85.) For the reasons explained below, the Court agrees with the Magistrate Judge, overrules the objection, and adopts the report and recommendation in full.

After conducting a careful and complete review of the findings and

recommendations, a district judge may accept, reject, or modify a magistrate judge's Report and Recommendation. 28 U.S.C. § 636(b)(1). If a party files a timely and specific objection to a finding of fact by the magistrate judge, the district court must conduct a de novo review of that factual issue. *Stokes v. Singletary*, 952 F.2d 1567, 1576 (11th Cir. 1992). The district court reviews legal conclusions de novo, even in the absence of an objection. *See Cooper-Houston v. S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994); *Ashworth v. Glades Cnty. Bd. of Cnty. Comm'rs*, 379 F. Supp. 3d 1244, 1246 (M.D. Fla. 2019).

Defendants argue that this case is in fact "exceptional" under § 285 because (1) Plaintiffs advanced an unreasonable litigation position; (2) Plaintiffs committed litigation misconduct; and (3) there is a need to deter future misconduct. (Doc. 85); *see Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749, 1756 (2014) (defining "exceptional" in § 285 as "one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated"). These arguments fail.

First, this Court has already rejected Defendants' unreasonable-position argument in substance if not in form. In its prior order adopting the Magistrate Judge's recommendation to deny Defendants' request for Rule 11 sanctions, this Court fully adopted the Magistrate Judge's analysis that "Plaintiffs maintained an arguable,

nonfrivolous claim for patent infringement and demonstrated an effort to engage in pre-suit investigation of such claim. Further, as explained above, a reasonable juror could conclude that the [two products] perform substantially the same function with substantially the same result but just not as to the way in which each achieves that result, especially in light of the claims construction." (Doc. 67 at 34; Doc. 71 at 2 (noting that the plaintiffs' litigation position was "not so quixotic as to warrant sanctions.") (quoting *Rodick v. City of Schenectady*, 1 F.3d 1341, 1351 (2d Cir. 1993)).) Additionally, fees are not awarded simply because, whether due to bad strategic decisions or errors, "one party's position did not prevail." *Gaymar Indus., Inc. v. Cincinnati Sub-Zero Prods., Inc.*, 790 F.3d 1369, 1373 (Fed. Cir. 2015); *SFA Sys., LLC v. Newegg, Inc.*, 793 F.3d 1344, 1348 (Fed. Cir. 2015) ("A party's position on issues of law ultimately need not be correct for them to not stand out or be found reasonable."). In this case, Plaintiffs' failure to set forth any claim construction arguments—which led to the Court adopting Defendants' *Markman* motion as unopposed—was seemingly an example of a poor strategic decision or a mistake but does not render Plaintiffs' litigation position unreasonable. (Doc. 66.) Further, there is evidence that Plaintiffs did engage in some form of a pre-suit investigation (i.e., due diligence) of their patent-infringement claims before filing this action to determine whether the accused product might infringe on the patented product. (Doc. 67 at 34.) With these considerations in mind, the Court agrees with the Magistrate Judge that Plaintiffs did not advance an

unreasonable litigation position here as to render the case an exceptional one under § 285.

Second, the Court agrees with the Magistrate Judge that plaintiffs committed no litigation misconduct that would justify imposing attorney's fees. Defendants claim Plaintiffs raised an untimely and unsupported argument that the accused product had grooves that functioned the same way as a feature on the patented product. But, as the Magistrate Judge recognized, the Court ultimately found that this argument cut against Plaintiffs—because it showed a significant dissimilarity between the products—and that Defendants failed to assert how the grooves argument demonstrates bad faith on Plaintiff's part. (Doc. 84 at 8–9.) Further, Defendants have not demonstrated how Plaintiffs (admittedly inexplicable) failure to conduct discovery constitutes litigation misconduct. It demonstrates poor litigation strategy perhaps, but misconduct must involve something more. Plaintiffs' decision not to conduct discovery did not impede the progress of the case in any way and resulted in reduced litigation expenses for Defendants.

Third, the Court agrees with the Magistrate Judge that Defendants have failed to proffer evidence that Plaintiffs have engaged in an abusive litigation pattern here such that deterrence considerations weigh in favor of granting Defendants' motion. *See SFA Sys., LLC*, 793 F.3d at 1351–52. The Court is unaware of other unsuccessful actions brought by Plaintiffs under a similar patent-interpretation theory. And to the extent that Plaintiffs used questionable tactics in this case, such as not submitting any claims construction and

not conducting discovery, that alone does not render this case "exceptional" under § 285. *See Aspex Eyewear Inc. v. Clariti Eyewear, Inc.*, 605 F.3d 1305, 1315 (Fed. Cir. 2010).

Accordingly, the following is **ORDERED**:

1. Defendants' Objection (Doc. 85) is **OVERRULED**. The Magistrate Judge's Report and Recommendation (Doc.84) is **ADOPTED in full.**

2. Defendants' Motion on Entitlement to Attorney's Fees and Taxation of Costs (Doc. 73) is **GRANTED-IN-PART** and **DENIED-IN-PART**.

3. The Clerk is directed to tax $73.60 in costs against Plaintiffs.

**ORDERED** in Tampa, Florida, on December 20, 2021.

Kathryn Kimball Mizelle
United States District Judge